**Ruben DAVIDSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. A. No. 963.

United States District Court
E. D. North Carolina,
Wilson Division.

July 18, 1966.

No attorney for petitioner.

Robert H. Cowen, U. S. Atty., Raleigh, N. C., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge, sitting by designation.

This cause comes before the Court upon a motion to vacate sentence filed *in*

*forma pauperis* by a Federal prisoner pursuant to the provisions of 28 U.S.C. § 2255 (1959). Issues have been joined by respondent upon the filing of an answer and motion to dismiss.

The petitioner, Ruben Davidson, was indicted by a Federal Grand Jury in the Eastern District of North Carolina on August 31, 1965 for the interstate transportation of a stolen motor vehicle, in violation of the provisions of 18 U.S.C. § 2312.

The case was set for trial on October 4, 1965 in the Wilson Division, Eastern District of North Carolina, Wilson, North Carolina. The petitioner's case was called for arraignment and he failed to appear as previously ordered. A motion was made by the United States Attorney for forfeiture of bond and for a warrant of arrest—both of which motions were granted by the Court. The petitioner later appeared in Court and another bond was set. The case was again set for trial on December 7, 1965, at which time the petitioner appeared with an attorney of his own choosing. Upon his plea of not guilty and the demand for trial by jury, the trial proceeded. On the same date, December 7, 1965, the jury returned a verdict of guilty. The Court then proceeded to sentence the petitioner as a youth offender under the provisions of 18 U.S.C. § 5010(b).

On February 8, 1966 petitioner himself filed what purported to be a "Motion for New Trial" in which he requested that the judgment in his case be set aside and a new trial granted. The respondent filed an answer to this motion on February 15, 1966. On March 30, 1966, this Court entered an order in which it stated that it would treat the defendant's motion of February 8 as a motion to vacate sentence under 28 U.S.C. § 2255. On April 26, 1966, the petitioner filed another motion in which he specifically prayed that the judgment in his case be set aside and vacated. Respondent filed an Answer to the latter two motions on May 6, 1966.

Petitioner concedes that he admitted to the FBI agent that he did, in fact, participate in the interstate transportation of the stolen motor vehicle. He now contends that the statement was false and given for the sole purpose of protecting the co-defendant in the case. He says that he was drunk at the time the car was stolen and, for this reason, he did not realize the significance of his admission at the time it was given. According to Mr. Davidson, he repudiated the statement at the time of his trial. The motion alleges that the conviction was unfair and that the repudiation of petitioner's statement to the FBI and his alleged drunken condition at the time of the incident should now be taken into consideration by this Court.

Was petitioner so intoxicated as to render his statement to the FBI agent unreliable so that his later repudiation should have been accepted?

In other words the point for consideration is petitioner's contention that at the time he made his inculpatory statement to the FBI, he was unaware of its significance due to his intoxication.

It must be remembered that Mr. Davidson repudiated the statement at his trial, and thus this contention was considered by the jury in rendering the verdict of guilty. Nothing new has been brought to the attention of this Court which would warrant it in upsetting this determination of the jury, or which would justify granting the petitioner a plenary hearing on his motion to set aside the sentence. The verdict was returned by a jury which, after thoughtful deliberation, decided that petitioner's admission was reliable and not induced by his consumption of alcohol.

Presumably, everyone convicted of a crime would have preferred the jury's verdict to have been favorable. While this is a natural reaction, it is readily apparent that it would be impossible to grant a hearing to every prisoner who disagreed with the findings made by the jury. There is no new evidence on the question of intoxication as it relates to petitioner's statement to the FBI which could be presented to this Court which has not already been presented

to the jury. To grant a hearing on this matter would amount to a retrial of the case by the Court and an usurpation of the function of the jury. Petitioner was represented at his trial by competent counsel, and all the evidence indicates that his defense was conducted skillfully.

It is the judgment of this Court that the contentions of the petitioner, Ruben Davidson, with respect to his voluntary intoxication and statements made are without merit.

Therefore, it is adjudged and ordered that the motion to vacate sentence be, and the same is hereby denied.

It is further ordered that respondent's motion to dismiss be, and the same is hereby granted.

A certified copy of this opinion and judgment is directed to be sent to petitioner and to each of the respondents.